IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MERLE GRIFF | ) | Case No. |
| | ) | |
| and | ) | Judge: |
| | ) | |
| ADAM GRIFF | ) | |
| | ) | **COMPLAINT** |
| and | ) | |
| | ) | |
| BRIAN FROELICH | ) | Breach of Promissory Notes |
| | ) | Breach of Contract |
| Plaintiffs, | ) | Breach of Guaranty |
| | ) | Unjust Enrichment |
| v. | ) | |
| | ) | |
| INNOVATIVE MEDTECH, INC. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VETERANS SERVICES, LLC d/b/a | ) | |
| VETERANS USA LLC | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs, Merle Griff, Adam Griff, and Brian Froelich (together, "Plaintiffs"), for their Complaint against Defendants, Innovative MedTech, Inc., a Delaware Corporation ("MedTech"), and Veterans Services, LLC d/b/a Veterans USA LLC, a Delaware Limited Liability Company ("Veterans Services") (together, "Defendants"), state as follows:

PARTIES

1. Plaintiff Merle Griff is a citizen of the State of Florida, with an address of 21150 Point Place, #903, Aventura, FL 33180.

2. Plaintiff Adam Griff is a citizen of the State of New York, with an address of 402 7th Avenue, #2E, Brooklyn, NY 11215.

3. Plaintiff Brian Froelich is a citizen of the State of New Jersey, with an address of 1610 Tiltons Corner Road, Wall Township, NJ 07719.

4. Defendant MedTech is a Delaware Corporation, with a business address of 2310 York Street, Suite 200, Blue Island, IL 60406.

5. Defendant Veterans Services, LLC d/b/a Veterans USA LLC, is a Delaware Limited Liability Company, with a business address of 1209 Orange Street, Wilmington DE 19801, and a statutory agent address of 12935 S. Gregory Street, Blue Island, IL 60406.

6. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is among citizens of different states.

7. This Court has supplemental jurisdiction over one or more state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b), because the parties conducted business in, and a substantial part of the transaction giving rise to the claim occurred within, this Court's judicial district.

## BACKGROUND FACTS

9. Plaintiffs are the founders, shareholders, and operators of Sarah Adult Day Services, Inc., an Ohio Corporation, and Sarah Day Care Centers, Inc., an Ohio Corporation (together, the "SarahCare Entities").

10. The SarahCare Entities engage in the business of operating home care and adult day health centers located in several states, including Ohio.

11. On or about March 25, 2021, Plaintiffs, as shareholders, and the SarahCare Entities, as sellers, entered into a certain Stock Purchase Agreement with MedTech, as purchaser, and

Veterans Services, as guarantor (the "Agreement"). A copy of the Agreement is attached hereto as <u>Exhibit A</u>.

12. Contemporaneous with the Agreement, Plaintiffs and Defendants entered into a certain Modification to Closing Payment Agreement dated March 25, 2021, providing for MedTech's payment of a $379,485.57 portion of the Purchase Price under the Agreement to be paid to Plaintiffs (Merle Griff - $294,101.31, Brian Froelich - $37,948.56, and Adam Griff - $47,435.70) (the "Purchase Price Shortfall"), as evidenced by certain Promissory Notes executed by MedTech and guaranteed by Veterans Services (the "Modification"). A copy of the Modification is attached hereto as <u>Exhibit B</u>.

13. On March 25, 2021, MedTech executed a certain Promissory Note in the amount of $294,101.31 in favor of Merle Griff, with a "Maturity Date" of June 3, 2021 (the "Merle Griff Note"). A copy of the Merle Griff Note is attached hereto as <u>Exhibit C</u>.

14. On March 25, 2021, MedTech executed a certain Promissory Note in the amount of $37,948.56 in favor of Brian Froelich, with a "Maturity Date" of June 3, 2021 (the "Froelich Note"). A copy of the Froelich Note is attached hereto as <u>Exhibit D</u>.

15. On March 25, 2021, MedTech executed a certain Promissory Note in the amount of $47,435.70 in favor of Adam Griff, with a "Maturity Date" of June 3, 2021 (the "Adam Griff Note"). A copy of the Adam Griff Note is attached hereto as <u>Exhibit E</u>.

16. The Merle Griff Note, Froelich Note, and Adam Griff Note (together, the "Notes") were guaranteed by Veterans Services.

17. Pursuant to the Notes, in the event of a default, any principal balance of the Purchase Price Shortfall remaining unpaid after the Maturity Date, or after the acceleration of the

Notes upon an Event of Default, will thereafter bear interest from the due date of such payment until paid at the rate of 10% per annum.

18. As of the Maturity Date, MedTech has failed to timely tender the Purchase Price Shortfall of $294,101.31, due and owing to Merle Griff, and $47,435.70 due and owing to Adam Griff, pursuant to the Modification, Merle Griff Note, and Adam Griff Note.

19. As of the Maturity Date, Veterans Services has failed to timely tender the Purchase Price Shortfall due and owing to Merle Griff and Adam Griff, as guarantor, pursuant to the Modification, Merle Griff Note, and Adam Griff Note.

20. In addition to the Purchase Price Shortfall, pursuant to Section 2.4 of the Agreement, MedTech was required to pay the Plaintiffs, as "Seller Shareholders," an aggregate amount of $1,500,000 (the "Royalty Payment"), in accordance with Plaintiffs' respective pro rata shares, which may be paid in two ways, as follows:

21. First, Section 2.4(a) provides that MedTech *may* create franchises, with Section 2.4(b) providing for the payment of any franchise fees created and owned by MedTech to be paid on a monthly basis to Plaintiffs towards the Royalty Payment Shortfall.

22. Second, Section 2.4(c) of the Agreement provides that in the event any portion of the $1,500,000 Royalty Amount remains unpaid on the date three (3) years following the Closing Date of March 25, 2024 (the "Royalty Amount Shortfall"), MedTech was required to promptly (and in no event later than three (3) business days thereafter) make a one-time payment in an amount equal to the Royalty Amount Shortfall to the Seller Shareholders in accordance with their respective pro rata shares, by wire transfer of immediately available funds in accordance with Schedule 2.2(b) of the Agreement.

23. From the Closing Date through present, MedTech did not tender any portions of the Royalty Payment to Plaintiffs under any "Franchise Agreements" with a "Fresh Franchisee Entity" pursuant to Section 2.4(a) and (b) of the Agreement, thereby resulting in a Royalty Amount Shortfall of $1,500,000.

24. MedTech has failed to timely tender the $1,500,000 Royalty Amount Shortfall to Plaintiffs as required under Section 2.4(c) of the Agreement.

25. Pursuant to Section 2.4(d) of the Agreement, Veterans Services irrevocably, absolutely, and unconditionally guaranteed MedTech's payment of the Royalty Amount (plus enforcement expenses relating to its guaranty) to Plaintiffs as and when required to be paid.

26. Pursuant to Section 2.4(d) of the Agreement, Veterans Services' guaranty waived, among other rights for the benefit of Plaintiffs: (i) diligence, presentment, demand of performance, filing of any claim, any right to require any proceeding first against MedTech, protest, notice, and all demands whatsoever in connection with the performance of its guaranty; (ii) to the fullest extent permitted by applicable law, any defenses or benefits that may be derived from or afforded by applicable law that limit the liability of or exonerate guarantors or sureties; and (iii) any rights of subrogation or reimbursement it may have against MedTech.

27. Veterans Services has failed to timely tender the $1,500,000 Royalty Amount Shortfall to Plaintiffs as required under Section 2.4(d) of the Agreement.

28. On March 27, 2024, Plaintiffs sent correspondence to Defendants concerning their breaches of the Agreement and demanding prompt payment. A copy of the correspondence (enclosures omitted) is attached hereto as Exhibit F.

29. Defendants have failed and/or refused to respond to Plaintiffs' demand.

5

## COUNT I
### (Breach of Merle Griff Promissory Note)

30. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

31. The Merle Griff Note constitutes a valid and enforceable negotiable instrument between Merle Griff and MedTech.

32. MedTech has materially breached the Merle Griff Note, and is presently in default of its obligations, for failure to tender the remaining principal balance of $294,101.31 due and owing to Merle Griff as of the June 3, 2021 Maturity Date.

33. As a direct and proximate result of MedTech's breach, Merle Griff has suffered damages in the amount of $294,101.31, plus interest at the contractual default rate of 10% per annum from June 3, 2021, plus costs and reasonable attorney fees incurred related to the collection of the Note.

## COUNT II
### (Breach of Adam Griff Promissory Note)

34. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

35. The Adam Griff Note constitutes a valid and enforceable negotiable instrument between Adam Griff and MedTech.

36. MedTech has materially breached the Adam Griff Note, and is presently in default of its obligations, for failure to tender the remaining principal balance of $47,435.70 due and owing to Adam Griff as of the June 3, 2021 Maturity Date.

37. As a direct and proximate result of MedTech's breach, Adam Griff has suffered damages in the amount of $47,435.70, plus interest at the contractual default rate of 10% per

annum from June 3, 2021, plus costs and reasonable attorney fees incurred related to the collection of the Note.

## COUNT III
(Breach of Merle Griff Promissory Note Guaranty)

38. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

39. The Merle Griff Note constitutes a valid and enforceable negotiable instrument between Merle Griff and Veterans Services.

40. Veterans Services materially breached the Merle Griff Note, and is presently in default of its guarantor obligations, for failure to timely tender the remaining principal balance of $294,101.31 due and owing to Merle Griff.

41. As a direct and proximate result of Veterans Services' breach, Merle Griff has suffered damages in the amount of $294,101.31, plus interest at the contractual default rate of 10% per annum from June 3, 2021, plus costs and reasonable attorney fees incurred related to the collection of the Note.

## COUNT IV
(Breach of Adam Griff Promissory Note Guaranty)

42. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

43. The Adam Griff Note constitutes a valid and enforceable negotiable instrument between Adam Griff and Veterans Services.

44. Veterans Services materially breached the Adam Griff Note, and is presently in default of its guarantor obligations, for failure to timely tender the remaining principal balance of $47,435.70 due and owing to Adam Griff.

45. As a direct and proximate result of Veterans Services' breach, Adam Griff has suffered damages in the amount of $47,435.70, plus interest at the contractual default rate of 10% per annum from June 3, 2021, plus costs and reasonable attorney fees incurred related to the collection of the Note.

## COUNT V
### (Breach of Contract - MedTech)

46. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

47. The Agreement constitutes a valid and enforceable contract between Plaintiffs and MedTech.

48. Plaintiffs have fully performed their obligations under the Agreement.

49. MedTech has materially breached the Agreement, and is presently in default of its obligations, for failure to timely tender the $1,500,000 Royalty Amount Shortfall due and owing to Plaintiffs.

50. As a direct and proximate result of MedTech's breach, Plaintiffs have suffered damages in the amount of $1,500,000.

## COUNT VI
### (Breach of Contract – Veterans Services Guaranty)

51. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

52. The Agreement constitutes a valid and enforceable contract between Plaintiffs and Veterans Services.

53. Plaintiffs have fully performed their obligations under the Agreement.

54. Veterans Services materially breached the Agreement, and is presently in default of its obligations, for failure to timely tender the $1,500,000 Royalty Amount Shortfall due and owing to Plaintiffs under its irrevocable, absolute, and unconditional guaranty.

55. As a direct and proximate result of Veterans Services' breach, Plaintiffs have suffered damages in the amount of $1,500,000.

56. Pursuant to Section 2.4(d) of the Agreement, Plaintiffs are entitled to the recoupment of enforcement expenses resulting from Veterans Services' breach, in an amount to be proven at trial.

## COUNT VII
(Unjust Enrichment in the Alternative)

57. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully rewritten herein.

58. Defendants have been unjustly enriched by virtue of Plaintiffs' performance of their respective obligations under the Agreement, Modification, and Notes, for which they have not been paid.

59. Defendants have voluntarily and unjustly retained the benefits of Plaintiffs' performance, to the Plaintiffs' detriment, and therefore Defendants' retention of the benefits violates the principles of equity.

60. As a result of Defendants' unjust enrichment, Plaintiffs are entitled to damages in the amount of $1,841,537.01, plus applicable interest, costs, and attorney fees associated with this matter.

WHEREFORE, Plaintiffs, Merle D. Griff, Adam Griff, and Brian Froelich, demand judgment in their favor and against Defendants, Innovative MedTech, Inc. and Veterans Services, LLC d/b/a Veterans USA LLC, jointly and severally, as follows:

a) As to Count I, judgment in favor of Merle Griff and against MedTech, in the amount of $294,101.31, plus interest at the contractual default rate of 10% per annum from June 3, 2021, plus costs and reasonable attorney fees incurred related to the collection of the Note.

b) As to Count II, judgment in favor of Adam Griff and against MedTech, in the amount of 47,435.70, plus interest at the contractual default rate of 10% per annum from June 3, 2021, plus costs and reasonable attorney fees incurred related to the collection of the Note.

c) As to Count III, judgment in favor of Merle Griff and against Veterans Services, in the amount of $294,101.31, plus interest at the contractual default rate of 10% per annum from June 3, 2021, plus costs and reasonable attorney fees incurred related to the collection of the Note.

d) As to Count IV, judgment in favor of Adam Griff and against Veterans Services, in the amount of 47,435.70, plus interest at the contractual default rate of 10% per annum from June 3, 2021, plus costs and reasonable attorney fees incurred related to the collection of the Note.

e) As to Count V, judgment against MedTech, in the amount of $1,500,000, plus interest at the statutory rate of 8% per annum.

f) As to Count VI, judgment against Veterans Services, in the amount of $1,500,000, plus interest at the statutory rate of 8% per annum, plus costs, expenses, and attorney fees incurred by Plaintiffs in connection with this matter.

g) As to Count VII, judgment against MedTech and Veterans Services, in the amount of $1,841,537.01, plus interest at the statutory rate of 8% per annum, plus costs, expense, and attorney fees incurred by Plaintiffs in connection with this matter.

h) Any other relief this Court deems just and equitable.

Dated:    April 17, 2024

        Respectfully submitted,

*/s/ J. Alex Quay*
J. Alex Quay (#0085130)
Erin L. Dickinson (#0079312)
Buckingham, Doolittle & Burroughs, LLC
3800 Embassy Pkwy., Suite 300
Akron, OH 44333
Phone:  (330) 376-5300
Email:   aquay@bdblaw.com
         edickinson@bdblaw.com

*Counsel for Plaintiffs*

4857-6381-7140, v. 1